UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

           v.

DONALD TRAM,

    Defendant and Movant.

_____/

No. CR 04-311 PJH

**ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE**

Movant Donald Tram is currently serving a sentence imposed by this court. On February 27, 2009, Tram filed a request entitled "correction of conviction." Although Tram claims that he is not seeking collateral relief, as noted by the court's prior orders to show cause, that is exactly what Tram seeks. Accordingly, the court treats Tram's motion as one for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court DENIES Tram's motion for the following reasons.

**BACKGROUND**

On September 23, 2004, Tram was charged with one count of possession of cocaine with intent to distribute, one count of possession of cocaine base with intent to distribute, and one count of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1). On December 15, 2004, Tram pled guilty pursuant to a plea agreement to

possession of methamphetamine with intent to distribute.  Subsequently, on September 28, 2005, the government dismissed the other two charges, and this court sentenced Tram to 120 months in prison and five years supervised release, the mandatory minimum sentence.

## DISCUSSION

In his motion, Tram argues that the court's application of a two-level enhancement for a dangerous weapon was improper, and that the government breached the plea agreement in seeking the enhancement.  Tram also suggests that he received ineffective assistance of counsel because his attorney did not advise him that the enhancement would be applied.

The first two arguments were waived by Tram in his December 15, 2004 plea agreement.  In his plea agreement, Tram expressly agreed not to file a collateral attack on his conviction or sentence under § 2255 except to claim that his right to effective assistance of counsel was violated.  December 15, 2004 Agreement at ¶ 5.  At Tram's plea colloquy, he confirmed that he understood that he was giving up his appellate rights.  December 15, 2004 Transcripts at 10, 14.

An express waiver of the right to appeal or to collateral attack is valid if made voluntarily and knowingly.  *See United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995).  Tram does not contend that his plea or waiver was not knowingly or voluntarily made.  Accordingly, this court will not consider these arguments, waived by Tram pursuant to his plea agreement.

Turning then to Tram's ineffective assistance of counsel argument, the court finds that any such claim is time-barred.  Motions to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255.  This one-year statute of limitations was enacted as part of AEDPA,

and went into effect on April 24, 1996.

Here, Tram's § 2255 motion was due October 16, 2006, one year and ten days after the entry of judgment on September 30, 2005.[1]  *See United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001).  Tram's motion was therefore filed more than twenty-eight months after the expiration of the statute of limitations.  Because Tram has not demonstrated that his § 2255 motion is based on newly discovered evidence or that the government created an impediment to the filing of the motion, it is therefore time-barred.

However, even assuming that Tram's claims were not waived by the plea agreement and/or time-barred, they nevertheless fail on the merits as well.  Tram's signature on the plea agreement, which expressly references the two-level enhancement that he challenges, demonstrates that he was indeed aware and in agreement that he would receive the enhancement.  *See* December 15, 2004 Agreement at ¶ 7.

**CONCLUSION**

For the above reasons, Tram's motion to vacate, set aside or correct his sentence is DENIED.  This order fully adjudicates the matter found at No. 36 of the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated:   December 9, 2009

PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court notes that the government mistakenly utilized September 28, 2005 as the date of entry of judgment; however, judgment was not entered until September 30, 2005.

3